[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15034

_____

DEA Cert No. 03-8

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2007
THOMAS K. KAHN
CLERK

JAYAM KRISHNA IYER, M.D.,

Petitioner,

versus

DRUG ENFORCEMENT ADMINISTRATION,

Respondent.

_____

Petition for Review of a Final Order
of the Drug Enforcement Administration

_____

**(September 25, 2007)**

Before BIRCH, BARKETT, and COX, Circuit Judges.

PER CURIAM:

On September 1, 2006, a Drug Enforcement Administration ("DEA") Deputy

Administrator, following an Administrative Law Judge's recommendation, ordered

that Petitioner's certificate to prescribe drugs be revoked for prescribing drugs without a legitimate medical purpose.

An agency decision to revoke a DEA certificate will be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In determining whether Petitioner's authority to dispense controlled substances should be revoked, the DEA is required to consider the following factors to determine if continued certification is against the public interest:

(1) The recommendation of the appropriate State licensing board or professional disciplinary authority.

(2) The applicant's experience in dispensing, or conducting research with respect to controlled substances.

(3) The applicant's conviction record under Federal or State laws relating to the manufacture, distribution, or dispensing of controlled substances.

(4) Compliance with applicable State, Federal, or local laws relating to controlled substances.

(5) Such other conduct which may threaten the public health and safety.

21 U.S.C. § 823(f). The DEA held that factors 1 and 3 supported Petitioner, and factors 2 and 4 weighed against her. Finally, the DEA held that factor 5 also weighed

2

against Petitioner, since she did not acknowledge any wrongdoing. Balancing the factors and according "dispositive" weight to factor 5, the DEA concluded that Petitioner's certificate should be revoked.

In considering Petitioner's experience in dispensing controlled substances under factor 2, the DEA identified only four visits by three undercover "patients," who were all attempting to make a case against her. The DEA failed to consider Petitioner's experience with twelve patients whose medical charts were seized by the DEA, or with thousands of other patients. In short, the DEA did not consider any of Petitioner's positive experience in dispensing controlled substances. This is an arbitrary and unfair analysis of Petitioner's experience. We vacate the order of the DEA Deputy Administrator and remand the case for reconsideration of this factor, where the DEA should pay particular attention to the entire corpus of Petitioner's record in dispensing controlled substances, not only the experience of undercover officers. The five factors should accordingly be re-balanced.

**ORDER VACATED AND CASE REMANDED TO RESPONDENT.**